UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIN WATTERS, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF COTATI, et al.,<br><br>  Defendants. | Case No:  C 10-2574 SBA<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>Docket 21 |

The parties are presently before the Court on the motion of Etan Rosen and the law firm of Beyer, Pongratz & Rosen, to withdraw as counsel of record for Plaintiff Martin Watters.  Dkt. 21.  The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of court.  Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Permission to withdraw is discretionary.  See Washington v. Sherwin Real Estate, 694 F.2d 1081, 1087 (7th Cir. 1982).  The record confirms that Plaintiff's counsel has provided notice of the instant motion to withdraw to Plaintiff and Defendants.  The deadline for submitting an opposition to the motion has passed and the Court has received no opposition from any of the parties.  Good cause appearing, the Court GRANTS Plaintiff's counsel's motion to withdraw.

Plaintiff should be aware that although he is now representing himself in this action, he nevertheless is obligated to follow the same rules as represented parties.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties).  Self-representation is not an excuse for non-compliance with court rules.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  It is Plaintiff's responsibility to prosecute the claims alleged in his complaint in a manner consistent with the Federal Rules of Civil Procedure, and the Court's Local Rules, Standing Orders and any other order.  He must keep the Court informed of any change of address and/or other contact information, and serve copies of all court filings on all other parties.  Failure to comply with any of these requirements may result in the imposition of sanctions, up to and including the dismissal of this action.  See Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").    Accordingly,

IT IS HEREBY ORDERED THAT:

1.	Etan Rosen and Beyer, Pongratz & Rosen's Motion to Withdraw as Counsel for Plaintiff is GRANTED.  The Clerk shall terminate Beyer, Pongratz & Rosen and any attorneys affiliated with said firm as Plaintiff's counsel of record in ECF, and shall indicate in the docket that Plaintiff is representing himself *in propria persona*.

2.	The Clerk shall indicate the following contact information for Plaintiff in ECF:

>	Martin Waters
>	1637 Miramonte Place
>	Rohnert Park, CA  94928
>	Telephone:  707-331-8020
>	Facsimile:   707-665-0325

3.	Since Plaintiff is not registered in ECF, Defendants are required to serve Plaintiff with any papers for which service is required at the address listed above.

4.    Etan Rosen and Beyer, Pongratz & Rosen shall immediately serve Plaintiff with a copy of this Order and shall thereafter file a Proof of Service to confirm the same.

5.    The motion hearing scheduled for April 12, 2011, is VACATED.

6.    This Order terminates Docket 21.

IT IS SO ORDERED.

Dated: April 6, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 3 -